**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 0 9 2026

**TAMMY H. DOWNS, CLERK**
By:_____
                              DEP CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
~~JONESBORO~~ DIVISION
*Northern*

**VICTORIA HILL,**                                                PLAINTIFF

v. CASE NO. ___3:26-cv-84-DPM___

**LAFONCE LATHAM, and**
**WILSON FUNERAL HOMES**                                    **DEFENDANTS**

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES the Plaintiff, **VICTORIA HILL**, by and through counsel, **SUTTER &**

**GILLHAM, P.L.L.C.,** and for this Complaint states

## JURISDICTION AND VENUE

1.  This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 1981, and the

    Arkansas Civil Rights Act (ACRA). Plaintiff timely filed a charge of discrimination with

    the EEOC and now files this action within 90 days of receiving her Right to Sue.

2.  This Court has federal question jurisdiction under 28 U.S.C. 1331, and supplemental

    jurisdiction over state law claims under 28 U.S.C. 1367.

3.  Venue is proper in the Eastern District of Arkansas, Jonesboro Division, because the

    events giving rise to this lawsuit occurred within this District and Division.

## PARTIES

4. Plaintiff Victoria Hill is a white female and a resident of the State of Arkansas.

5. Defendant Lafone Latham d/b/a Wilson Funeral Homes is an employer within the meaning of

Title VII and the ACRA and conducts business in the Jonesboro Division because it employed

more than 15 employees at all relevant times.

This case assigned to District Judge ___Marshall___
and to Magistrate Judge___Volpe___

6. Defendant Lafonce Latham is the owner of Wilson Funeral Homes and exercised supervisory authority over Plaintiff at all relevant times.  He is sued only under 42 USC 1981.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendants and performed her job duties in a satisfactory manner.

8. In or around the relevant timeframe, a promotion opportunity became available for which Plaintiff was qualified.

9. Plaintiff asked Defendant Latham why she was not selected.

10. Defendant Latham stated directly to Plaintiff that she was not promoted because she was not a Black woman.

11. Plaintiff complained about this discriminatory reasoning.

12. In response, Defendant Latham told Plaintiff that she would be replaced.

13. Plaintiff was then denied the promotion and subsequently terminated.

14. Plaintiff's race (white) and sex (female) were motivating factors in Defendants' decisions.

15. Plaintiff's complaint of discrimination was a motivating factor in Defendants' decision to terminate her employment.

16. As a result of Defendants' actions, Plaintiff suffered lost wages, emotional distress, and other damages.

## COUNT I – TITLE VII RACE AND SEX DISCRIMINATION

17. Plaintiff incorporates paragraphs 1–16 as though fully set forth herein.

18. Plaintiff was subjected to discrimination because she is a white woman, in violation of Title VII.

19. Defendants' denial of promotion and subsequent termination were motivated by unlawful race and sex discrimination.

## COUNT II – TITLE VII RETALIATION

20. Plaintiff incorporates paragraphs 1–16.

21. Plaintiff engaged in protected activity when she complained about discriminatory treatment.

22. Defendants retaliated against Plaintiff by threatening her replacement and terminating her.

## COUNT III – VIOLATION OF 42 U.S.C. 1981

23. Plaintiff incorporates paragraphs 1–16.

24. Defendants intentionally discriminated against Plaintiff because of her race (white), affecting the terms and conditions of her employment.

## COUNT IV – VIOLATION OF THE ARKANSAS CIVIL RIGHTS ACT

25. Plaintiff incorporates paragraphs 1–16.

26. Defendants' conduct constitutes unlawful discrimination and retaliation under the ACRA.

## DAMAGES

27. Plaintiff has suffered and continues to suffer damages as a result of Defendants' unlawful conduct. She has incurred lost wages and lost employment benefits due to the denial of promotion and her termination. She has also experienced emotional anguish, mental distress, humiliation, and embarrassment resulting from the discriminatory and retaliatory actions taken against her.

28. Defendants' conduct was willful, malicious, and carried out with reckless disregard for Plaintiff's federally and state-protected rights, thereby entitling her to an award of punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and award the following:

a. Back pay and front pay;

b. Compensatory damages;

c. Punitive damages where permitted;

d. Lost benefits;

e. Reinstatement or front pay in lieu of reinstatement;

f. Attorney's fees and costs;

g. Pre- and post-judgment interest;

h. A jury trial and any other relief the Court deems just and proper.

Respectfully submitted,

Luther Oneal Sutter,
**SUTTER & GILLHAM, P.L.L.C.**
310 Natural Resources Dr. Ste.2
Little Rock, AR  72205
Phone 501-315-1910
Luther.sutterlaw@gmail.com

By: *Luther Oneal Sutter*
Luther Sutter, ARBN 95031
Luther.sutterlaw@gmail.com

By: *Lucien Gillham*
Lucien Gillham, ARBN 99199
Lucien.gillham@gmail.com